**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

STANDARD INSURANCE COMPANY,
      Plaintiff,

    v.

RONALD M. DEPTULA, ASHLEY L.
(BUCHANAN) DEPTULA, THE ESTATE
OF R     . D     , JOHN DOE –
GUARDIAN OF L
D    , DOHERTY FUNERAL HOMES,
INC.,

      Defendants.

No.

## INTERPLEADER COMPLAINT

Plaintiff Standard Insurance Company ("Standard") brings this action for interpleader relief pursuant to Federal Rule of Civil Procedure 22 and 29 U.S.C. §1132 to require the Defendants to interplead, or settle amongst themselves, their claims to a $28,200.00 Death Benefit under Group Policy No. 649397-A (the "Group Policy"), arising from the death of R    . D

Parties and Jurisdiction

1.     Standard is a life insurance company organized under the laws of the State of Oregon.

2.     Standard maintains its principal place of business in Portland, Oregon.

3.     The Defendant Ronald M. Deptula is, upon information and belief, a resident of the State of Delaware and was the father of R    . D    .

{W6919801.1}                    1

4.      The Defendant Ashley L. (Buchanan) Deptula is, upon information and belief, a resident of the State of Delaware and was the mother of R        . D

5.      The Defendant Estate of R        D        is, on information and belief, located within the State of Delaware.

6.      The Defendant John Doe, Guardian of L                D        , is an individual to be appointed to represent the interests of L                D        , a minor who resides, on information and belief, within the State of Delaware.

7.      The Defendant Doherty Funeral Homes, Inc. is, on information and belief, a Delaware corporation doing business within the State of Delaware.

8.      This Court has jurisdiction pursuant to 28 U.S.C. §1331, F.R.Civ.P. 22 and 29 U.S.C. §1132 because this action is subject to and governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001 et seq. ("ERISA").

9.      Venue is appropriate in this District pursuant to 29 U.S.C. §1132(e)(2) because at least one defendant may be found within this district.

Facts

10.     New Albertson's, Inc. is, upon information and belief, a corporation that sponsored and maintains an employee welfare benefit plan for the benefit of its employees (the "Plan").

11.     The Plan, at all relevant times, offered life insurance coverage for its employee participants and their dependents.

12.     Life insurance coverage under the Plan was at all relevant times provided by a group life insurance policy issued by Standard to New Albertson's, Inc.

13.     Standard at all relevant times served as the Claim Administrator of the Plan.

14.     The Defendant Ronald M. Deptula was, at all relevant times, an employee of New

Albertson's Inc. and a participant in the Plan.

15.    The Defendant Ronald M. Deptula elected to receive life insurance coverage under the Plan for his dependent, a minor son, R_____. D_____.

16.    Ronald M. Deptula also elected Accidental Death & Dismemberment ("AD & D") insurance coverage for his minor son, R_____. D_____, under the Plan.

17.    R_____. D_____ died on January 30, 2017.

18.    As of January 30, 2017, R_____. D_____ had $15,000.00 in dependent's life insurance coverage and $13,200.00 in AD & D coverage (collectively, the "Death Benefit").

19.    As of January 30, 2017, the Defendant Ronald M. Deptula was the designated beneficiary of his son's life and AD & D insurance benefits under the Plan.

20.    Standard has been informed that approximately $6,787.22 of the Death Benefit has been assigned to Doherty Funeral Homes, Inc.

21.    The State of Delaware, Department of Health and Social Services, issued a Death Certification for "R_____ D_____." The Death Certification indicates that R_____. D_____ was one year old at the time of his death.

22.    The Death Certification identified the cause of death as "acute morphine intoxication."

23.    The Death Certification indicated the manner of death as "homicide."

24.    Authorities have informed Standard that the death of R_____. D_____ is the subject of an active criminal investigation.

25.    Authorities have further informed Standard that the designated beneficiary, Ronald M. Deptula, has not been excluded as a suspect in the investigation.

26.    With respect to the payment of life insurance and AD & D benefits, the Plan provides:

{W6919801.1}                              3

A.    Payment of Benefits…

3.    The benefits below will be paid to you if you are living.

    a.  AD&D Insurance benefits payable because of the death of your dependent.

    b.  Dependants Life Insurance benefits.

    c.  Accelerated Benefits.

4.    Dependents Life Insurance benefits and AD&D benefits payable because of the death of your Dependent which are unpaid at your death will be paid in equal shares to the first surviving class of the classes below.

    a.  The children of the Dependent.

    b.  The parents of the Dependent.

    c.  The brothers and sisters of the Dependent.

    d.  Your estate.

## COUNT I – INTERPLEADER RELIEF

27.    Standard repeats and realleges all prior allegations of this Complaint.

28.    The Defendants have competing claims to the Death Benefit under the Plan.

29.    As a result, a dispute exists among the Defendants regarding who is the lawful beneficiary.

30.    Standard, as the Claim Administrator of the Plan, is a proper party to seek interpleader relief under 29 U.S.C. §1132 (a)(3)(b).  See, e.g., Metro. Life Ins. Co. v. Bigelow, 283 F.3d 436 (2d Cir. 2002); Merchants Trust Co. v. Batchelder, 957 F. Supp. 532 (D. Vt. 1997).

31.    Standard has a reasonable fear of multiple litigation and/or liability regardless of the merits of the competing claims and should not be obliged at its peril to determine which claimant(s) has/have the better claim.

32.    Standard is uncertain as to which defendant(s) are the proper recipients of the Death Benefit.  The claims of the defendants are such that Standard cannot determine which

individual(s) are legally entitled to the Death Benefit without assuming the responsibility of determining questions of law and fact.  Distribution of the Death Benefit to any one defendant could expose Standard to the threat of multiple and vexatious litigation in the future as well as multiple liability for the same claim.

33.     Standard has not in any respect colluded with any of the defendants or anyone else concerning the matters in this action.  Standard claims no beneficial interest in the Death Benefit and is a mere stakeholder of the funds.  Standard is ready, willing and able to disburse the Death Benefit and, upon order of the Court, will deposit with the Registry of the Court the net Death Benefit at issue, after deducting Standard's costs and attorneys' fees.

## COUNT II – ATTORNEY'S FEES AND COSTS

34.     Standard repeats and realleges all prior allegations.

35.     Standard is entitled to recover all attorney's fees and costs it has expended in filing this action pursuant to 29 U.S.C. §1132(g) and common law.

**WHEREFORE,** Standard requests that the Court grant the following relief:

A.     That each of the Defendants be restrained and permanently enjoined from instituting or maintaining any action against Standard related to the recovery of the Death Benefit under the GroupPolicy or Plan;

B.     That Standard be permitted to deposit the Death Benefit from the Plan into the Registry of this Court;

C.     That the Defendants be required to interplead and settle among themselves their claims to the Death Benefit;

D.     That Standard be discharged from all liability under the Plan and Group Policy with respect to the death of R          D        ;

E.     That Standard be awarded its costs and attorneys' fees, and this this amount be

{W6919801.1}                                    5

deducted from the Death Benefit; and

F.    For such further relief as the Court may deem appropriate.



Date: October 25, 2018                    Respectfully submitted,

                                          */s/ Melissa L. Rhoads* _____
                                          Melissa L. Rhoads, Esq.
                                          Tighe & Cottrell, P.A.
                                          One Customs House, Suite 500
                                          P. O. Box 1031
                                          Wilmington, DE 19899
                                          P: (302) 658-6400 x 22
                                          F: (302) 658-9836
                                          m.rhoads@tighecottrell.com

                                          Of Counsel:

                                          */s/ Brooks R. Magratten* _____
                                          Brooks R. Magratten, Esq.
                                          Pierce Atwood, LLP
                                          One Financial Plaza, 26th Floor
                                          Providence, RI 02903
                                          P: (401) 490-3422
                                          F: (401) 588-5166
                                          bmagratten@pierceatwood.com

                                          *Attorneys for Plaintiff Standard Insurance Co.*

{W6919801.1}                    6